**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**AARON GENESIS**, an individual,

Plaintiff,

v.

**STK ORLANDO, LLC**, a Florida limited liability company,

Defendant.

**CIVIL ACTION**

**Case No. 6:26-cv- 1763**

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, by and through undersigned counsel, and states the following for his Complaint:

## CAUSES OF ACTION

1. This action seeks unpaid overtime compensation, unlawful retaliation, liquidated damages, and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (the "FLSA"), and Florida common law.

## PARTIES

2. Plaintiff is a Florida resident who worked in Orange County, Florida as a Server for Defendant from April 10, 2024 through December 30, 2025. At all material times, Plaintiff had enterprise and individual coverage under the FLSA and was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

3. Defendant STK ORLANDO LLC is a limited liability company operating a high-volume restaurant and bar at Disney Springs in Orlando, Orange County, Florida. Defendant has gross annual income exceeding $500,000.00 and is a covered employer under the FLSA (29 U.S.C. § 203(d), (r), and (s)). Defendant has the authority to hire, fire, assign work, withhold work, and affect the terms and conditions of employment for persons like Plaintiff. Defendant supervised and controlled Plaintiff's work schedules and conditions of employment and maintains employment records for Plaintiff.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1343(4), 2201, and 2202, and pursuant to the FLSA, 29 U.S.C. §§ 216(b) and 217.

5. Venue is proper in the Middle District of Florida, Orlando Division because Plaintiff worked in, and Defendant conducts business in, Orange County, Florida, where the events giving rise to Plaintiff's claims occurred.

## GENERAL ALLEGATIONS

6. Defendant operates a high-volume restaurant and bar under the name STK at the Disney Springs entertainment complex in Orlando, Orange County, Florida.

7. Plaintiff worked as a Server for Defendant from approximately April 10, 2024 through December 30, 2025.

**Unpaid Overtime Compensation**

8. Plaintiff regularly worked in excess of 40 hours per week, routinely working extended shifts, doubles, and closing shifts that frequently totaled approximately 50 to 60 hours per week.

9. Despite regularly working well in excess of 40 hours per week, Defendant failed to pay Plaintiff overtime compensation at time-and-one-half his regular rate for all hours worked over 40 hours per week.

10. Defendant maintained policies and practices that systematically discouraged and prevented employees from earning overtime compensation, including: (a) verbal warnings that working overtime could result in disciplinary action; (b) instructions to clock out early while continuing to work; and (c) manipulation of recorded time in the payroll system to reduce or eliminate overtime hours.

11. Management communicated to Plaintiff in writing statements such as "no OT please" and confirmed that hours would be adjusted to avoid paying overtime.

12. At the beginning of Plaintiff's employment, management failed to provide Plaintiff with a clock-in number and instructed him to manually report hours worked, which management would later enter into the system. The hours management entered did not accurately reflect the hours Plaintiff actually worked.

13. Defendant's payroll records show systematic manipulation and misclassification of hours worked, including showing zero overtime hours in summary fields while simultaneously reflecting substantial hours worked through "Other Hours" and similar categories.

14. Defendant required Plaintiff to perform work-related tasks off the clock, including requiring him to purchase office supplies for the restaurant using his personal funds without reimbursement or compensation for time spent.

15. Defendant's failure to pay overtime compensation was willful.

**Retaliation Against Plaintiff**

16. In late 2025, Plaintiff raised concerns with management and human resources about unpaid overtime, off-the-clock work, payroll discrepancies, and time record manipulation.

17. In December 2025, Plaintiff specifically reported to Defendant's human resources department that he had worked numerous hours off the clock and that management had systematically manipulated time records to avoid paying overtime.

18. Shortly after Plaintiff escalated his wage and hour concerns to human resources, Defendant dramatically reduced Plaintiff's work schedule from approximately 40 hours per week to zero hours.

19. Defendant abruptly terminated Plaintiff's employment on December 30, 2025.

20. The timing of Plaintiff's termination—occurring shortly after he raised protected wage and hour complaints to human resources—demonstrates that Defendant terminated Plaintiff's employment in retaliation for his complaints about wage, overtime, and time record violations.

**COUNT I: FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FLSA, 29 U.S.C. § 207**

21. Plaintiff reincorporates paragraphs 1 through 20.

22. At all material times, Plaintiff was a non-exempt employee of Defendant within the meaning of the FLSA.

23. The FLSA requires employers to pay non-exempt employees overtime compensation for hours worked in excess of 40 hours per workweek at a rate of one and one-half times the employee's regular rate of pay. 29 U.S.C. § 207(a)(1).

24. Defendant failed to pay Plaintiff overtime compensation at the rate of time-and-one-half for hours worked in excess of 40 hours per workweek.

25. Defendant maintained policies and practices that systematically discouraged, prevented, and eliminated overtime compensation through verbal warnings, threats of discipline, instructing employees to clock out early while continuing to work, and manipulating time records in the payroll system.

26. Defendant's failure to pay overtime compensation was willful and in violation of 29 U.S.C. § 207.

27. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages including unpaid overtime wages.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant as follows:

a. Award to Plaintiff all unpaid overtime compensation owed;

b. Award to Plaintiff liquidated damages equal to the amount of unpaid overtime compensation or, if liquidated damages are not awarded, then prejudgment interest;

c. Award to Plaintiff reasonable attorneys' fees and costs; and

d. Award such other and further relief as this Court may deem just and proper.

## COUNT II: FLSA RETALIATION

28. Plaintiff incorporates paragraphs 1-20.

29. At all material times, Plaintiff was an employee, and Defendant was his employer.

30. Plaintiff believed in good faith, and a reasonable employee in the same or similar circumstances would also believe, that Defendant was violating the FLSA by unlawfully withholding overtime compensation, manipulating time records, and requiring off-the-clock work.

31. Plaintiff raised these concerns to Defendant's management and human resources department in late 2025.

32. Defendant was aware of Plaintiff's objection to Defendant's violations of the FLSA.

33. Defendant subjected Plaintiff to adverse employment action—including reducing his work schedule to zero hours and ultimate discharge—following his statutorily protected conduct.

34. Defendant, in subjecting Plaintiff to adverse employment action, retaliated and discriminated against him because of his complaints, objections, and concerns raised to Defendant regarding wage and hour violations.

35. As a direct and proximate result of engaging in statutorily protected conduct, Plaintiff has lost the benefits and privileges of his employment and has been substantially and significantly injured in his career path that was anticipated from his employment.

36. As a direct and proximate result of engaging in statutorily protected conduct and as a direct and proximate result of the prohibited acts perpetrated against him, Plaintiff is entitled to all relief necessary to make him whole.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, and:

i. Back pay and all other benefits, perquisites, and other compensation for employment which Plaintiff would have received had Plaintiff maintained his position with Defendant, plus interest, including but not limited to lost salary, bonuses, and tips;

ii. Liquidated damages;

iii. Front pay, including raises, benefits, insurance costs, benefits costs, and retirement benefits;

iv. Reimbursement of all expenses and financial losses Plaintiff has incurred as a result of Defendant's actions;

v. Reasonable attorney's fees plus costs;

vi. Compensatory damages; and

vii. Such other relief as this Court shall deem appropriate.

## COUNT III: UNPAID WAGES

37. Plaintiff realleges and incorporates paragraphs 1-20.

38. An oral and/or written contract existed between Plaintiff and Defendant.

39. Both Plaintiff and Defendant agreed to those terms, which included payment of an hourly wage of $12.00 per hour and payment of overtime at time-and-one-half the regular rate for all hours worked over 40 hours per week.

40. The terms were clear and unambiguous.

41. Plaintiff fully and satisfactorily performed his duties under the contract.

42. Defendant has breached the contract by refusing to pay Plaintiff the full amount of the sums due under the terms of the contract, including but not limited to unpaid overtime compensation and compensation for off-the-clock work.

43. Plaintiff has been damaged as a result of Defendant's breach of the contract in an amount exceeding fifteen thousand dollars ($15,000.00).

44. This Count is timely brought, and all conditions precedent have occurred or been waived.

WHEREFORE, Plaintiff respectfully demands that this Honorable Court enter judgment in favor of Plaintiff and against Defendant in the amount consistent with the evidence, together with the costs of this litigation, interest, reasonable attorney's fees, and all other relief as this Court deems proper.

## DEMAND FOR JURY TRIAL

Demand is hereby made for a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,

Dated: August 13, 2026

/s/Benjamin H. Yormak
Benjamin H. Yormak
Florida Bar Number 71272
Lead Counsel for Plaintiff

YORMAK EMPLOYMENT & DISABILITY LAW
27200 Riverview Center Blvd., Suite 109
Bonita Springs, Florida 34134
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com